**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Dr. James Ragland, Regional Neurological Center, P.C., and Dakota MRI, Inc., <br><br>  Plaintiffs, <br><br> vs. <br><br> Blue Cross Blue Shield of North Dakota, <br><br>  Defendant. | **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** <br><br> Case No. 1:12-cv-080 |

Before the Court is Blue Cross Blue Shield of North Dakota's partial motion to dismiss filed on June 26, 2012. See Docket No. 4. The Court grants in part and denies in part the motion.

## I.  BACKGROUND

The Plaintiff, Dr. James Ragland, is a physician licensed to practice medicine in North Dakota. See Docket No. 1-1. Ragland provides medical services at the two clinics named as plaintiffs, the Neurological Center, P.C. and Dakota MRI, Inc. The Defendant, Blue Cross Blue Shield of North Dakota (Blue Cross), is an insurance company and health plan administrator. The Plaintiffs provide medical services to patients covered under employee health plans administrated and insured by Blue Cross.

This lawsuit arose after Blue Cross allegedly began to scrutinize Dr. Ragland's medical practice and to deny insurance coverage for medical services provided. On May 23, 2012, the Plaintiffs filed a complaint in North Dakota state court in Burleigh County alleging the following eight (8) causes of action against Blue Cross:

    (1) breach of contract;

    (2) bad faith insurance practices;

    (3) slander;

    (4) intentional interference with contractual relationships;

    (5) intentional interference with business advantages;

    (6) civil extortion;

    (7) intentional and negligent infliction of emotional distress; and

    (8) intentional interference with medical practice.

See Docket No. 1-1. On June 19, 2012, Blue Cross removed the lawsuit to the federal district court of North Dakota. See Docket No. 1.

On June 26, 2012, Blue Cross filed this motion to dismiss, contending dismissal of claims 3 through 8 is appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Docket Nos. 4 and 5. The Plaintiffs filed a responsive brief in opposition on July 23, 2012.[1] See Docket No. 13. Blue Cross filed a reply on August 6, 2012. See Docket No. 16.

## II. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of claims if there has been a failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule

---

[1] The Plaintiffs' response was untimely. See D.N.D. Loc. R. Civ.P. 7.1(a). In addition, the memorandum in opposition to Blue Cross's motion to dismiss exceeded the permissible page limits established by Local Rules. After Plaintiffs filed its noncompliant response, they moved for leave to file the response, which the Court granted. See Docket Nos. 18 and 20.

12(b)(6), the court must accept all well-pleaded factual allegations in the complaint as true. Detailed factual allegations are not necessary under the Rule 8 pleading standard; rather a plaintiff must present grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause action will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of further 'factual enhancement.'" Aschcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Bell Atl., 550 U.S. at 557). The court must consider whether the allegations set forth in the complaint "plausibly give rise to an entitlement to relief." Id.

The court may generally only look to the allegations contained in the complaint to make a Rule 12(b)(6) determination. McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). "[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).

### III.   DISCUSSION

Blue Cross contends the Plaintiffs fail to assert a claim upon which relief may be granted in causes of action 3 through 8. The Court will evaluate each of the claims.

#### A.   COUNT 3 - SLANDER

Blue Cross contends the complaint fails to sufficiently allege a claim of slander. The Plaintiffs' complaint provides a factual background to this action, first alleging the parties executed

a contract "wherein Blue Cross agreed to pay [Plaintiffs] for medical services provided to patients." See Docket No. 1-1, p. 3. In November 2010, Blue Cross requested to review fifteen (15) patient files. After reviewing the records, Blue Cross concluded the Plaintiffs were engaged in aberrant practices which included unnecessary medical services and improper billing. See Docket No. 1-1, pp. 3-4. In April 2011, Blue Cross placed certain restrictions on the Plaintiffs which prohibited them from collecting money directly from patients insured by Blue Cross. In March 2012, Blue Cross demanded the Plaintiffs refund over $26,000 for unnecessary medical services. The Plaintiffs allege they requested a review of the information Blue Cross relied on to support its allegations, but Blue Cross failed to provide any information. The Plaintiffs contend that Blue Cross's allegations are false and damaged their business. The Plaintiffs allege they "are entitled to money damages arising from [Blue Cross's] conduct and these false accusation[s] based on each of the following Causes of Action[;]" the complaint then lists eight (8) causes of action, including slander, plainly providing as follows: "Cause of Action No. 3: Blue Cross has slandered the reputation of [the Plaintiffs]." See Docket No. 1-1, p. 5.

Slander is defined by statute in North Dakota. N.D.C.C. § 14-02-04. To fit the statutory definition of slander, a defamatory statement must be:

(1) false;

(2) unprivileged;

(3) published;

(4) not libel; and

(5) satisfy one of the statutory subsections of N.D.C.C. § 14-02-04(1)-(5).

See Richmond v. Nodland, 552 N.W.2d 586, 588 (N.D. 1996). The Plaintiffs allege in the complaint

that Blue Cross improperly accused the Plaintiffs of aberrant medical practices. However, the Plaintiffs fail to allege Blue Cross published any information to a third-party. Typically, "publication in a slander case is accomplished by the communication of the allegedly defamatory matter to a third party by spoken words, by transitory gestures, or by any form of communication other than such form as would make it a libel." Gowin v. Hazen Mem'l Hosp. Ass'n, 311 N.W.2d 554, 558 (N.D. 1981) (original citation omitted). "Publication is required for libel or slander to be actionable." Jose v. Norwest Bank North Dakota, N.A., 1999 ND 175, ¶ 27, 599 N.W.2d 293 (original citation omitted). The Plaintiffs fail to allege in the complaint that Blue Cross published any information to a third-party. The Court grants Blue Cross's motion to dismiss the slander claim.

### B. COUNT 4 - INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

Blue Cross contends the complaint fails to properly allege intentional interference with contractual relations. As to this claim, the Plaintiffs' complaint provides as follows: "Cause of Action No. 4: Blue Cross has intentionally interfered in the contractual relationships Dr. Ragland, RNC and DMI have had with their patients." See Docket No. 1-1, p. 6. Intentional interference with a contractual relationship is a cognizable tort in North Dakota. Red River Wings, Inc. v. Hoot, Inc., 2008 ND 117, ¶ 53, 751 N.W.2d 206 (original citation omitted). The claim includes the following essential elements: "(1) a contract existed; (2) the contract was breached; (3) the defendant instigated the breach; and (4) the defendant instigated the breach without justification." Id. Plaintiffs need not engage in a formulaic recitation of the elements to state a claim. Although the complaint as it relates to this cause of action is not a model of clarity, the Court finds that reasonable inferences may be drawn from the Plaintiffs allegations which support each element of this cause of action.

Accordingly, the Court denies Blue Cross's motion to dismiss the Plaintiffs' claim for intentional interference with contractual relations.

### C.     COUNT 5 - INTENTIONAL INTERFERENCE IN BUSINESS ADVANTAGES

Blue Cross moves to dismiss Plaintiffs' claim for intentional interference with business advantages.  The Plaintiffs allege in the complaint as follows:  "Cause of Action No. 5: Blue Cross has intentionally interfered in business advantages of Dr. Ragland, RNC, and DMI."  See Docket No. 1-1, p. 6.  The North Dakota Supreme Court has explained this tort has the following elements:

(1) the existence of a valid business relationship or expectancy;

(2) knowledge by the interferer of the relationship or expectancy;

(3) an independently tortious or other unlawful act of interference by the interferer;

(4) proof that the interference caused the harm sustained; and

(5) actual damages to the party whose relationship or expectancy was disrupted.

See Trade 'N Post, LLC v. World Duty Free Ams, Inc., 2001 ND 116, ¶ 36, 628 N.W.2d 707.

Blue Cross correctly observes the Plaintiffs fail to specifically allege each element of this claim.  However, reasonable inferences may be drawn from the Plaintiffs' allegations to support each element of a claim of interference in business advantages at this stage.  The Plaintiffs allege they entered into a contract with Blue Cross, which provided that Blue Cross would pay for medical services performed by the Plaintiffs for patients.  The nature of the parties' relationship permits a reasonable inference that Blue Cross knew the Plaintiffs had a business relationship with patients.  Also, the Plaintiffs allege Blue Cross arbitrarily interfered with its business by denying payment and barring the Plaintiffs from seeking payment directly from patients.  Accepting these allegations as

true, the Court finds the Plaintiffs' complaint alleges sufficient facts to state a claim for interference with business advantages. The Court denies Blue Cross's motion to dismiss the claim of intentional interference in business advantages.

### D.    COUNT 6 - CIVIL EXTORTION

Blue Cross contends the Plaintiffs' claim for civil extortion fails to state a claim for which relief may be granted. The Plaintiffs allege in the complaint as follows: "Cause of Action No. 6: Blue Cross has engaged in civil extortion by making threats against Dr. Ragland and RNC for the purposes of extorting and attempting to extort money from them that Blue Cross is not entitled to." See Docket No. 1-1, p. 6.

Historically, extortion is a crime, not a tort. "At common law, extortion was a property offense committed by a public official who took 'any money or thing of value' that was not due to him under the pretense that he was entitled to such property by virtue of his office." Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 402 (2003) (original citation omitted); see also State v. Anderson, 66 N.D. 522, 267 N.W. 121, 124 (1936). Prior versions of North Dakota law essentially codified common-law extortion making it a crime. Anderson, 567 N.W. at 122. However, in 1973, the North Dakota legislature consolidated "theft offenses" into a single theft of property statute, N.D.C.C. § 12.1-23-02, which eliminated several distinct crimes, including extortion. State v. Ensz, 503 N.W.2d 236, 238 (N.D. 1993) (citing N.D.C.C. § 12.1-23-02). The Plaintiffs fail to cite a North Dakota statute authorizing a private cause of action for "civil extortion." Neither the Restatement of Torts nor the Restatement (Second) of Torts delineates a cause of action for "civil extortion."

The Plaintiffs appear to suggest that civil extortion is a private cause of action derived from

North Dakota's criminal coercion statute, N.D.C.C. § 12.1-17-06, stating as follows:

> Extortion (or attempted extortion) is the same as criminal coercion and is defined in 12.1-17-06 NDCC. It includes attempts to compel someone to engaged in or refrain from conduct by threatening to expose them or publicize an asserted fact *whether true or not* which would tend to impair that persons credit or business reputation.

See Docket No. 13, p. 34 (emphasis in original). The Plaintiffs cite no legal authority in support of their contention. No language in the criminal coercion statute appears to reasonably imply a private cause of action.[2] More important, the North Dakota Supreme Court has never recognized such a cause of action in this jurisdiction. The Court grants Blue Cross's motion to dismiss the claim of civil extortion.[3]

---

[2] Criminal coercion set forth in North Dakota Century Code § 12.1-17-06 provides as follows:

1. A person is guilty of a class A misdemeanor if, with intent to compel another to engage in or refrain from conduct, he threatens to:

   a. Commit any crime;

   b. Accuse anyone of a crime;

   c. Expose a secret or publicize an asserted fact, whether true or false, tending to subject any person, living or deceased, to hatred, contempt, or ridicule, or to impair another's credit or business repute; or

   d. Take or withhold official action as a public servant or cause a public servant to take or withhold official action.

2. It is an affirmative defense to a prosecution under this section that the actor believed, whether or not mistakenly:

   a. That the primary purpose of the threat was to cause the other to conduct himself in his own best interest; or

   b. That a purpose of the threat was to cause the other to desist from misbehavior, engage in behavior from which he could not lawfully abstain, make good a wrong done by him, or refrain from taking any action or responsibility for which he was disqualified.

[3] The Court notes that the Plaintiffs do not allege a claim pursuant the Racketeer Influenced and Corrupt Organizations (RICO) law, N.D.C.C. Chapter 12.1-06.1. Under the state RICO law, a civil action may be brought based *in part* on various criminal offenses including extortion. See N.D.C.C. §§ 12.1-06.1-05(1) (providing a private cause of action for a "person who sustains injury to person, business, or property by a pattern of racketeering activity . . ."); and 12.1-06.1-01(2)(f) (defining "racketeering" to include extortion). The state RICO law does not

### E.   **COUNT 7 - INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Blue Cross moves to dismiss Plaintiffs' claim for intentional and negligent infliction of emotional distress. The complaint as to these claims states as follows: "Cause of Action No. 7: Blue Cross has engaged in both intentional and negligent infliction of emotional distress on Dr. Ragland." See Docket No. 1-1, p. 6.

The tort of intentional infliction of emotional distress has three elements which include "(1) extreme and outrageous conduct that is (2) intentional or reckless and that causes (3) severe emotional distress." G.K.T. v. T.L.T., 2011 ND 115, ¶ 9, 798 N.W.2d 872 (citing Muchow v. Lindblad, 432 N.W.2d 918, 923-24 (N.D. 1989); Restatement of Torts 2d § 46 (1965)). The Plaintiffs fail to allege that Dr. Ragland suffered from severe emotional distress. In addition, the Plaintiffs do not allege extreme and outrageous conduct, which "is narrowly limited to outrageous conduct that exceeds all possible bounds of decency" and "intolerable in a civilized society." Vandall v. Trinity Hosps., 2004 ND 47, ¶¶ 29-30, 676 N.W.2d 88. The Plaintiffs' complaint merely includes the conclusory allegation that Blue Cross intentionally inflicted emotional distress, which is insufficient to state a claim. The Court grants Blue Cross's motion to dismiss the Plaintiffs' claim for intentional infliction of emotional distress.

The tort of negligent infliction of emotional distress requires "bodily harm." Geraci v. Women's Alliance, Inc., 436 F. Supp. 2d 1022, 1033 (D.N.D. 2006). The Plaintiffs also fail to allege that Dr. Ragland suffered any bodily harm. As such, the Court grants Blue Cross's

---

allow a claim for extortion alone. RICO requires a plaintiff to plead and show (1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity. See Sinclair v. Hawk, 314 F.3d 934, 943 (8th Cir. 2003). As the Plaintiffs fail to allege sufficient facts to support these elements, the Court finds no basis to interpret the complaint to state a claim under the state RICO law.

motion to dismiss the Plaintiffs' claim for negligent infliction of emotional distress.

### F.   COUNT 8 - INTENTIONAL INTERFERENCE IN MEDICAL PRACTICE

Finally, Blue Cross moves to dismiss the Plaintiffs' claim for intentional interference with a medical practice. As to this claim, the Plaintiffs' complaint alleges as follows: "Cause of Action No. 8: Blue Cross has intentionally interfered in medical practices of Dr. Ragland, RNC and DMI by making and attempting to make medical decisions related to their patient care." See Docket No. 1-1, p. 6. The Plaintiffs fail to cite any case law to demonstrate that such a cause of action is recognized in this jurisdiction. Neither the Restatement of Torts nor the Restatement (Second) of Torts recognize a claim for "intentional interference with medical practice." The Court grants Blue Cross's motion to dismiss the Plaintiffs' claim for intentional interference with medical practice.

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and relevant case law. For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Blue Cross's motion to dismiss (Docket No. 4). The Court grants Blue Cross's motion to dismiss the following claims: slander (Count 3); civil extortion (Count 6); intentional and negligent infliction of emotional distress (Count 7); and intentional interference with medical practice (Count 8). The Court denies Blue Cross's motion to dismiss the Plaintiffs' claims for intentional interference with contractual relations (Count 4) and intentional interference with business advantages (Count 5). The claims dismissed fail to comply with the pleading standards set forth in *Twombly* and *Iqbal*. In addition, several of the claims dismissed have never been recognized as claims or causes of action

under North Dakota law.[4]

**IT IS SO ORDERED.**

Dated this 14th day of November, 2012.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

---

[4] The causes of action which remain are breach of contract, bad faith insurance practices, and intentional interference with contractual relations and business advantages.  This case could easily become a discovery nightmare resulting in several years of scorched earth litigation.  There have been enough delays to date.  The Court has carefully reviewed all of the docket entries.  The parties are strongly encouraged to end the litigious posturing and games and undertake a good faith effort to try and resolve the remaining claims.  The Court will schedule an early settlement conference in an effort to accomplish that goal.